FILED IN CLERK'S OFFICE
U.S D.C. Atlanta

NOV 1 8 2005

LUTHER D. THOMAS, Clerk
By:
         Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CRIMINAL ACTION |
| v. | : | 1:04-CR-320-2-MHS |
| POGISO WILLIAM DIKGANG, | : | |
| Defendant. | : | |

### ORDER

This action is before the Court on defendant's letter dated October 21, 2005, which the Clerk has construed as a motion for resentencing. For the following reasons, the Court denies the motion.

On April 1, 2005, defendant pled guilty to four counts of an indictment charging conspiracy to possess with intent to distribute at least 100 grams of heroin, possession with intent to distribute at least 100 grams of heroin, conspiracy to import at least 100 grams of heroin, and importation of at least 100 grams of heroin. On June 30, 2005, the Court sentenced defendant to 52 months imprisonment on each count to run concurrently.

1

AO 72A
(Rev.8/82)

In his letter of October 21, 2005, defendant states that he has been diagnosed HIV positive. He seeks resentencing pursuant to the compassionate release procedures set out in Bureau of Prisons Program Statement 5050-44[1] for implementation of 18 U.S.C. § 3582(c)(1)(A) and 4205(g).[2]

As both 18 U.S.C. § 3582(c)(1)(A) and Program Statement 5050-46 make clear, the Court may modify a term of imprisonment once it has been imposed only upon a motion by the Director of the Bureau of Prisons. The appropriate procedures for an inmate to apply for such a motion are set out in Program Statement 5050-46 and in Sections 571.60 through 571.64 of title 28 of the Code of Federal Regulations. Unless and until such a motion is filed by the Director of the Bureau of Prisons, this Court lacks jurisdiction to modify defendant's sentence.

---

[1] PS 5050-44 was superseded on May 19, 1998, by PS 5050-46.

[2] Title 18 U.S.C. § 4205(g) was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date. As to defendant in this case, therefore, 18 U.S.C. § 3582(c)(1)(A) is the controlling law.

Accordingly, the Court DENIES defendant's motion for resentencing [#67].

IT IS SO ORDERED, this ___ day of November, 2005.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

3